**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | : Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., *et al.*,[1] | : Case No. 10-11780 (JKF) |
| Debtors. | : Jointly Administered |
| SPECIALTY PRODUCTS HOLDING CORP., and BONDEX INTERNATIONAL, INC., | |
| Plaintiffs, | |
| v. | : Adv. Pro. No. 12-_____ (JKF) |
| THOSE PARTIES LISTED ON SCHEDULE A, | |
| Defendants. | |

**DEBTORS' COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547**
**AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Plaintiffs Specialty Products Holding Corp. and Bondex International, Inc.

(together the "Plaintiffs" and/or the "Debtors"), debtors in the above-captioned chapter 11 cases,

seek to avoid transfers pursuant to 11 U.S.C. § 547 and recover property transferred pursuant to

11 U.S.C. § 550 against each of the defendants listed on Schedule A (the "Defendants").  In

support of this Complaint, the Plaintiffs represent as follows:

**Preliminary Statement**

1.    As set forth in greater detail in the Debtors' Motion to Extend the Time to

Serve the Summons and Complaint, the Debtors have filed this Complaint to preserve certain

---

[1]    The Plaintiffs instituting this adversary proceeding are the debtors in these bankruptcy proceedings.  The last four digits of the Plaintiffs' taxpayer identification numbers follow in parentheses:  Specialty Products Holding Corp. (0857) and Bondex International, Inc. (4125).  The Plaintiffs' address is 4515 St. Clair Avenue, Cleveland, Ohio 44103.

avoidance actions they may have against the Defendants. Based upon, among other things, the results of the estimation proceeding in these cases, as well as confirmation of a plan of reorganization, it is unclear at the current juncture whether the time and expense necessary to prosecute these avoidance actions is in the best interests of the Debtors' estates. Nonetheless, the two-year deadline to commence avoidance actions has arrived, and the Debtors are compelled to file this action to ensure that all potential claims are preserved. Accordingly, the Plaintiffs have filed this Complaint and are simultaneously requesting authority to delay serving the summons until the benefits of prosecuting the causes of action asserted herein can be more accurately assessed.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Background

4.      On May 31, 2010 (the "Petition Date"), each of the Debtors commenced a reorganization case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      In anticipation of the May 31, 2012 deadline to commence avoidance actions, the Debtors conducted a review of their books and records, identifying those payments made within (a) the ninety-day period prior to the Petition Date and (b) the one-year period prior to the Petition Date for transactions involving insiders (i.e., officers, directors and affiliates) for potential preferential transfer purposes. Based on this review, the Debtors identified several entities and persons that received potentially avoidable transfers. While the Debtors have sought

and obtained tolling agreements from certain potential preference defendants, it was neither

economical nor practical for the Debtors to negotiate such agreements with all of the potential

defendants.  Although the Debtors were compelled to file this Complaint to preserve all potential

causes of action, the Debtors have not presently determined whether to pursue recovery of every

transfer potentially subject to avoidance, and to the extent that the Debtors later determine that it

is in the interests of their estates to seek recovery of preferential transfers generally, the Debtors

intend to undertake a more thorough review of each cause of action asserted herein.

### Cause of Action:  Preferential Transfers—11 U.S.C. §§ 547 and 550

6.      Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

7.      The Debtors made certain transfers to each of the Defendants on or within

ninety days before the Petition Date, in the amounts set forth in Schedule A attached to this

Complaint.

8.      Each of the transfers was to or for the benefit of the respective Defendant,

each of whom is an alleged creditor of the Debtors.

9.      Each of the transfers was for or on account of an antecedent debt allegedly

owed by a Debtor to the respective Defendant before such transfers were made (the "Debt").

10.     Each of the transfers was made while the Debtors were presumed to be

insolvent, in that 11 U.S.C. § 547(f) provides that there is a presumption that the Debtors (or any

of them) was insolvent on and during the ninety days immediately preceding the filing of the

petition.

11.     Due to the transfers, the respective Defendant received more than that

Defendant would have received if (i) this case was a case under chapter 7 of the Bankruptcy

Code; (ii) the transfers had not been made; and (iii) that Defendant had received payment on the

Debt under the provisions of title 11 of the Bankruptcy Code.

DLI-6402757v1

WHEREFORE, the Debtors respectfully request that this Court enter judgment granting, on behalf of the bankruptcy estates, the following relief against each Defendant:

a.    avoiding each of the transfers as preferential transfers under 11 U.S.C. § 547(b);

b.    granting judgment in favor of the Debtors and against each Defendant in an amount equal to the preferential transfers that Defendant received and ordering each Defendant to immediately pay to the estates an amount equal to the avoided preferential transfers, pursuant to 11 U.S.C. § 550(a);

c.    disallowing any claims of the respective Defendant if the Defendant fails or refuses to turn over the avoided preferential transfers to the estates;

d.    awarding the estates interest at the rate per annum the Court deems appropriate until the amount of the preferential transfers avoided, together with all interest and costs, is paid in full to the estates.

e.    awarding the Debtors interest after judgment at the highest legal rate until paid;

f.    awarding the Debtors costs of suit;

g.    awarding the Debtors reasonable and necessary attorneys' fees through trial and for any subsequent appeals; and

h.      granting the Debtors such other and further relief, at law or equity, to which the Debtors show themselves justly entitled.

Dated:  May 31, 2012

Respectfully submitted,

___/s/ *Zachary I. Shapiro*_____
Daniel J. DeFranceschi (DE 2732)
Paul N. Heath (DE 3704)
Zachary I. Shapiro (DE 5103)
Tyler D. Semmelman (DE 5386)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Gregory M. Gordon (TX 08435300)
Dan B. Prieto (TX 24048744)
Robert J. Jud (TX 24041217)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

ATTORNEYS FOR PLAINTIFFS